## JACOB F. MILLER agt. JAMES H. HOOKER.

A defendant not a party to the record, but is the real defendant and party in interest in the suit, can make an affidavit of merits, to prevent an inquest.

An inquest will be set aside where such an affidavit of merits is filed and served before the inquest is taken.

*April Term,* 1846.

MOTION by defendant to set aside inquest.

Issue was joined in December last; the cause was noticed for trial for the last January circuit, in Albany. It appeared from defendant's papers that Hooker was defendant *nominally;* that Cornelius Schermerhorn was the real defendant

Miller agt. Hooker.

and party in interest in the suit; before the cause was called, one of defendant's attorneys informed plaintiff's attorney that he had sent an affidavit of merits to the defendant Hooker to have him sign and swear to, and to return; which he expected soon, and requested plaintiff's attorney not to take an inquest, if the cause should be called before the affidavit arrived. Plaintiff's attorney signified his intention to take an inquest in the cause when it was called, unless an affidavit of merits was filed; defendant's attorney then procured an affidavit of merits from Schermerhorn, the *defendant'in interest*, and filed it and served a copy on plaintiff's attorney. Plaintiff's attorney disregarded the affidavit and took an inquest. The *affidavit was special, and stated that Hooker was [*125] absent from the city and county of Albany, that it would be difficult to obtain from him an affidavit of merits in time to prevent an inquest; that although Hooker was the defendant upon record, yet " that he (Schermerhorn) was the defendant in interest and was fully acquainted with the facts and circumstances of the cause, and that he had fully and fairly stated the case to his counsel, &c."

Plaintiff's counsel insisted that the affidavit of merits should have been made by the defendant on record, or his attorney, to be valid, and *cited Burrill's Practice*, 214.

H. HARRIS, *defendant's counsel.*
HARRIS & SHEPHARD, *defendant's attorneys.*
R. H. NORTHROP, *plaintiff's counsel and attorney.*

BEARDSLEY, Justice. Held, the affidavit sufficient. Scher merhorn swore that he was the real defendant and party in interest.

Motion granted, costs to abide the event.